IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARLENE L. ERNST | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | NO. 5:14-cv-819 |

ORDER

AND NOW, this 21st day of March 2016, upon careful and independent consideration of Plaintiff Darlene Ernst's Brief and Statement of Issues in Support of Request for Review (Doc. No. 9), Defendant Carolyn W. Colvin's Response to Request for Review (Doc. No. 15), Plaintiff's Reply (Doc. No. 16), the Report and Recommendation ("R. & R.") of United States Magistrate Judge Carol Sandra Moore Wells (Doc. No. 20), Plaintiff's objections to the R. & R. (Doc. No. 21), and the record (Doc. No. 7), it is hereby ORDERED as follows:

1. Plaintiff's objections to the R. & R. are OVERRULED.

   We adopt the R. & R. by Magistrate Judge Wells, and write separately only to address Plaintiff's objections to the R. & R. When reviewing a R. & R. to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Plaintiff raises three objections to the R. & R., all of which were already presented to Magistrate Judge Wells. We shall address each objection in turn.

   Plaintiff's first objection is that substantial evidence does not support the Administrative Law Judge's ("ALJ") finding that Plaintiff did not meet the Listing 12.04 in Step Three. (Pl.'s Objs. 2, Doc. No. 21.) Specifically, Plaintiff argues that she has demonstrated "marked" limitations in social functioning and concentration, persistence, and pace. (Id. at 2–4.) This argument invites us to impermissibly replace the ALJ's judgment with our own. We may not reweigh the evidence, but rather, we evaluate the complete record to determine whether the ALJ's decision is supported by substantial evidence. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). As Magistrate Judge Wells found, the ALJ's finding is supported by substantial evidence. (R. & R. 11–13, Doc. No. 20.) For both social functioning and concentration, persistence, and pace, the ALJ discussed the opinion and records from Plaintiff's treating psychiatrist, Dr. Reeves, but found Dr. Reeves' opinion to be inconsistent with his own treatment notes. (R. 15–16.) The ALJ's decision was well-grounded in the record, with clear explanations and

citations. (Id.) For these reasons and the reasons identified by Magistrate Judge Wells (R. & R. 11–13), Plaintiff's objection is overruled.

Plaintiff also argues in her first objection that the ALJ's failure to discuss Plaintiff's GAF scores below 50 warrants remand. (Pl.'s Objs. 3–4.) This argument was presented before Magistrate Judge Wells, who appropriately held that, although this constitutes error, remand was not required. (R. & R. 11–12.) Though "GAF scores do not have a direct correlation to the severity requirements under SSA rules, . . . a GAF score constitutes medical evidence accepted and relied upon by a medical source and must be addressed by an ALJ in making a determination regarding a claimant's disability." Green v. Colvin, 996 F. Supp. 2d 286, 294 (M.D. Pa. 2014) (internal citations and quotation marks omitted). This remains so notwithstanding the fact that the reliability of the GAF has been called into question, and the score (and indeed the entire multiaxial system of diagnosis) has been removed from the fifth edition of the Diagnostic & Statistical Manual of Mental Disorders ("DSM-5"). See Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 16 (5th ed. 2013) ("It was recommended that the GAF be dropped from DSM-5 for several reasons, including its conceptual lack of clarity (i.e., including symptoms, suicide risk, and disabilities in its descriptors) and questionable psychometrics in routine practice."). Social Security Administrative Memorandum AM-13066 addressed the continuing viability of the GAF—given that it is being phased out in practice—and concluded that evaluators should continue to consider GAF scores but should be aware that "[t]he GAF is only a snapshot opinion about the level of functioning." "Unless the clinician clearly explains the reasons behind his or her GAF rating, and the period to which the rating applies, it does not provide a reliable longitudinal picture of the claimant's mental functioning for a disability analysis." Kroh v. Colvin, No. 13-1533, 2014 WL 4384675, at *18 (M.D. Pa. Sept. 4, 2014) (quoting Lane v. Colvin, No. 13-5658, 2014 WL 1912065, at *9 (W.D. Wash. May 12, 2014)).

As Magistrate Judge Wells explained, the records do not relate Plaintiff's GAF scores to specific limitations. (R. & R. 11.) The ALJ also directly discussed the Plaintiff's treatment records at length. (Id. (citing R. 15–16, 18, 19).) Therefore, the ALJ's failure to discuss the GAF scores in particular does not warrant remand. Plaintiff's objection is overruled.

Plaintiff's second objection is that substantial evidence does not support the ALJ's decision to put little weight to the opinions from Plaintiff's treating physicians, Dr. Reeves and Dr. Evans, who treated Plaintiff's back. (Pl.'s Objs. 6–8.) We agree with Magistrate Judge Wells, who found that the ALJ decision to give the treating physicians' opinions less weight was supported by substantial evidence (R. & R. 14–16.)

An ALJ is obligated to make evaluations of an opinion's consistency with the record, and give more weight to consistent opinions. See 20 C.F.R. § 416.927(c)(4). An ALJ must give a treating physician's opinion controlling weight when it "is not inconsistent with the other substantial evidence in [the plaintiff's] case record." 20 C.F.R. § 404.1527(c)(2). However, "[i]f a treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less-than-controlling weight or even

reject it, so long as the ALJ clearly explains her reasons and makes a clear record." Watson v. Astrue, No. 08-1858, 2009 WL 678717, at *7 (E.D. Pa. Mar. 13, 2009) (citing Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991)); see also Crandall v. Astrue, No. 10-1431, 2011 WL 4632281, at *6 (E.D. Pa. Oct. 5, 2011) ("Where the opinion of a treating physician conflicts with that of a non-treating physician, the ALJ may 'choose whom to credit but cannot reject evidence for no reason or for the wrong reason.'" (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993))). Here, the ALJ thoroughly explained his decision to accord the treating physicians' opinions little weight, noting that, among other reasons, the physicians' assessments were inconsistent with their own treating records. (R. 18, 20–22.) The ALJ's decision to give limited weight to Dr. Reeves' and Dr. Evans' assessments was supported by substantial evidence.

Plaintiff's final objection is that the ALJ's Residual Functional Capacity ("RFC") assessment was not supported by substantial evidence. (Pl.'s Objs. 8–9.) Plaintiff's argument is premised on her previous two objections. Specifically, Plaintiff argues that, based on Dr. Reeves' opinion that Plaintiff had "marked" difficulties in social functioning, the RFC should have incorporated a restriction of limited interactions with supervisors. (Id. at 8.) However, as we previously discussed, the ALJ gave Dr. Reeves' opinion no significant weight. We agree with Magistrate Judge Wells, therefore, that "[b]ecause the ALJ did not err in affording little weight to Dr. Reeves' opinions, it follows that he did not err in omitting from his RFC assessment a limitation based on that opinion." (R. & R. 17.) Plaintiff's objection is overruled.

2. The R. & R. (Doc. No. 20) is APPROVED and ADOPTED.

3. The decision of the Commissioner of the Social Security Administration is AFFIRMED.

4. Plaintiff's request for review is DENIED. Judgment is entered in this matter in favor of Defendant.

5. The Clerk of Court is directed to close this matter for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.